HUBERTZ v. THE STATE.

ON PETITION FOR A REHEARING.

From the Newton Circuit Court.

*Test & Coburn,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

DOWNEY, J.—A petition to reinstate this case has been filed, which relies upon the ground that the objection on which the appeal was dismissed was waived by the agreement of the attorney general to submit the cause. We find that while the agreement to submit indorsed on the transcript bears date November 5th, 1875, the clerk's entries show that the cause was not actually submitted until the 10th of the month, and that, at the same time, the written motion of the attorney general was filed to dismiss the appeal. The agreement to submit, the submission, and the motion to dismiss were contemporary acts. Under these circumstances, we do not think there was any waiver of the objection.

Petition overruled.

BUSKIRK, J.—I cannot give my assent to the action of the court in overruling the motion to reinstate this cause, or to the ground upon which it is placed. The judgment in this action was rendered upon the 19th day of October, 1874. The prosecuting attorney acknowledged service of notice of the appeal on the 31st day of December, 1874. There was no notice served on the clerk of the court below. The transcript was filed in the office of the clerk of this court on the 8th day of September, 1875. The cause was submitted unconditionally by the appellant and the attorney general. On the same day the attorney general filed a written motion to dismiss the appeal, because the transcript had not been filed in this court within thirty days after the appeal was taken. The attorney general might, in his agreement to submit, have reserved the right to move to dismiss the appeal for such cause. It has been so decided in two cases at the present term. See two cases of *Hubertz* v. *The State, ante,* pp. 374, 375. He failed to do so, but made an unconditional submission of the cause; and if a submission, without reserving any right to move to dismiss, will amount to a waiver of the objection, then there has been a waiver in this case.

It is said in the opinion of the court, that " the agreement to submit, the submission, and the motion to dismiss were con-

temporary acts." As the agreement to submit is dated November 5th, 1875, and the submission and motion to dismiss bear date the 10th of such month, I am unable to see how the three acts can be contemporaneous. Nor have I any reliable means of knowing that the submission and motion to dismiss were contemporaneous acts. The indorsement upon the record simply shows that the submission and the motion to dismiss were made on the same day. If the motion was filed first, then the unconditional submission was an abandonment of the motion. If the submission was made first, then the attorney general should be held to have waived the objection, according to the ruling of the majority of the court in *Summers* v. *The State,* 51 Ind. ——. In that case, the defendant appealed without giving the notice required by the statute. He and the attorney general submitted the case unconditionally. Afterward, the attorney general moved to dismiss the appeal for the failure to give the notice, and it was held by a majority of the court, that, by the submission, he had waived the objection. It is provided by the criminal code that an appeal is taken by the giving of a notice. In the opinion of the writer, the giving of notice is a jurisdictional fact, and constitutes a condition precedent to the right of appealing. If the attorney general waives the giving of notice by submission, without reserving the right to raise the objection, why does he not also waive the objection that the transcript was not filed within thirty days? The one section of the statute is no more imperative than the other. Under the decision in *Summers* v. *The State, supra,* both the State and defendant may appeal without giving notice, if the cause is submitted by the attorney general. We will suppose that the defendant appeals without giving notice, and that the cause is submitted by agreement. The attorney general moves to dismiss the appeal, because the transcript is not filed within thirty days after taking the appeal. The appeal is to be deemed taken, not from the date of the judgment, but from the giving of the notice. There is no notice in the record, and this court has no means of determining whether the transcript was filed within thirty days or not.

The present case cannot be distinguished from *Summers* v. *The State*, on the ground that the acts were contemporaneous. It stands as that did. Both were submitted by agreement. The attorney general moved to dismiss both. In one it was held he had waived the want of notice. In the present case, it is held that he has not waived the objection, though the validity of the objection depends upon the date of the notice. The two rulings are, in my judgment, in irreconcilable conflict.

See original opinion in this case, by DOWNEY, J., *ante*, p. 375.—REPORTER.